# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | | |
|---|---|---|
| WESTCHESTER FIRE INSURANCE COMPANY, | ) ) ) | Case No. |
| Plaintiff, | ) ) | **COMPLAINT** |
| v. | ) ) | |
| SAMUEL F. EAKIN, | ) ) | |
| Defendant. | ) ) ) | |

The Plaintiff above named Westchester Fire Insurance Company ("Westchester") complaining of the Defendant Samuel F. Eakin ("Eakin") would respectfully show unto this honorable court the following.

## PARTIES

1. Westchester is a New York corporation with its principal place of business at 436 Walnut Street, Philadelphia, Pennsylvania 19106.

2. Eakin is an individual and residing at 204 E. Fairview Avenue, Gaffney, South Carolina and is a citizen of South Carolina.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because it involves a dispute between citizens of different states and an amount in controversy greater than $75,000, exclusive of interest and costs.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2)and(3).

## FACTUAL BACKGROUND

5. Westchester executed, as surety, Subcontract Performance Bond No. K07190967

(the "Bond") dated August 1, 2006 naming Kellogg Brown & Root, Inc. (also known as Kellogg Brown & Root Services, Inc.) ("KBR") as obligee, and Sanders Bros., Inc; ("Sanders") as principal, in the penal sum of $1,186,877.10, for Sanders' performance of a subcontract with KBR dated July 24, 2006, for Subcontract 304-2994-US94-SC014 (the "Subcontract") High Bay Underground Mechanical Electrical, Plumbing, Communications and Special Gases - Cape Canaveral Air Force Station, Florida. A copy of the Bond is attached as **Exhibit A.**

6.      To induce Westchester to execute the Bond for Sanders, Eakin, individually as an indemnitor, executed an Agreement of Indemnity (the "Indemnity") on or about March 3, 2006. A copy the Indemnity is attached as **Exhibit B.**

7.      By the terms of the Indemnity Eakin assumed the obligation of principal under the Bond.

8.      Under the Indemnity Eakin agreed to "exonerate, indemnify, and keep indemnified" Westchester "from and against any and all liability for losses and/or expenses of whatsoever kind or nature, (including, but not limited to interest, court costs, and counsel fees) and from and against any and all such losses and/expenses" that Westchester "may sustain and incur" by reason of having executed the Bond or in connection with the Indemnity.

9.      The Indemnity further required Eakin, as indemnitor, to provide Westchester cash collateral in the amount of any reserve set by Westchester for any liability that exists or is asserted against Westchester under the Bond.

10.     On May 5, 2009, KBR filed a Demand for Arbitration with the American Arbitration Association ("AAA") styled <u>Kellogg, Brown & Root Services, Inc. v. Sanders Brothers, Inc.</u>, No. 70 421 Y 0031009 (the "Arbitration"), asserting that Sanders breached the Subcontract by performing defective work, refusing to remedy the defective work, and forcing

KBR to remedy the alleged defects.

11. The arbitrator entered a final award in the Arbitration in favor of KBR and against Sanders dated March 25, 2010, in the amount of $985,942.37, plus interest at 5 percent, commencing 10 days after the date of the award.

12. KBR filed a motion to confirm the award in the United States District Court for the Southern District of Texas at Docket No. 10-cv-01441 and the Court confirmed the award and entered judgment against Sanders by Order dated July 30, 2010.

13. KBR filed suit against Westchester in the United States District Court for the Southern District of Texas at Docket No. 10-cv-02632 (the "Texas Action") seeking payment under the Bond.

14. KBR commenced an AAA arbitration against Westchester styled <u>Kellogg, Brown & Root Services, Inc. v. Westchester Fire Insurance Company.</u>, No 70 742 00592 10 seeking enforcement of the Bond.

15. KBR demanded that Westchester pay the judgment together with interest and attorney's fees in the amount of $1,082.053.30.  **Exhibit C**.

16. By letter dated July 12, 2010 (the "Demand Letter"), Westchester notified Eakin that it had established a reserve in the amount of $1,000,000 for KBR's claim and that Eakin was required to immediately deposit with Westchester collateral in that amount.  A copy of the Demand Letter is attached as **Exhibit D**.

17. On August 11, 2010, Westchester paid $1,082,053.30 to satisfy KBR's Bond claim.

18. Eakin has breached the Indemnity by failing to deposit the collateral Westchester demanded and by failing to make any payment to Westchester for the amount paid to KBR or for

Westchester's costs and expenses related to KBR's Bond claim.

19. WHEREFORE, Westchester respectfully requests this Court to enter judgment in favor of Westchester as follows:

a. Against Eakin for the amount Westchester paid to KBR (less recoveries by Westchester from others) together with all of the costs and expenses paid or incurred by Westchester in connection with KBR's Bond claim and Westchester's enforcement of the Indemnity.

b. And, the additional costs and expenses it may pay or incur in this action and otherwise in enforcing the Indemnity.

c. Prejudgment interest.

d. The costs and disbursements of this action.

e. Such other and further relief as the Court deems appropriate.

This 21st day of March, 2011.

                                                s/L. Franklin Elmore
L. Franklin Elmore (Fed ID # 718)
Elmore & Wall, P.A.
55 Beattie Place, Suite 1050 (29601)
Post Office Box 1887
Greenville, South Carolina 29602
(864) 255-9500
(864) 255-9505
frank.elmore@elmorewall.com
*Attorneys for Plaintiff, Westchester Fire Insurance Company*

Of counsel:

Robert McL. Boote
BALLARD SPAHR, LLP
1735 Market Street, 51st Floor
Philadelphia, PA   19103-7599
(215) 864-8231