IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| WESTCHESTER FIRE INSURANCE COMPANY, | Case No. 7:11-cv-00672-HMH |
| Plaintiff, | |
| v. | |
| SAMUEL F. EAKIN, | |
| Defendant, Third Party Plaintiff, | |
| v. | |
| THE PALMETTO BANK, | |
| Third Party Defendant. | |

## AMENDED ANSWER AND CROSS CLAIMS OF DEFENDANT SAMUEL F. EAKIN

Defendant Samuel F. Eakin ("Mr. Eakin"), by and through the undersigned counsel, hereby answers the Complaint of Plaintiff Westchester Fire Insurance Company's ("Westchester") and alleges cross claims against Third Party Defendant The Palmetto Bank ("Palmetto Bank") as follows:

## FOR A FIRST DEFENSE

1.    Mr. Eakin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and those allegations are, therefore, denied.

2.    Mr. Eakin denies the allegations of Paragraph 2 of the Complaint.

3. Mr. Eakin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint, and those allegations are, therefore, denied.

4. Mr. Eakin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, and those allegations are, therefore, denied.

5. Mr. Eakin craves reference to the original Bond referenced in Paragraph 5 of the Complaint and asserts that document speaks for itself. Mr. Eakin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5 of the Complaint, and those allegations are, therefore, denied.

6. Mr. Eakin craves reference to the original Indemnity referenced in Paragraph 6 of the Complaint and asserts that document speaks for itself. Mr. Eakin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 of the Complaint, and those allegations are, therefore, denied.

7. Mr. Eakin craves reference to the original Indemnity referenced in Paragraph 7 of the Complaint and asserts that document speaks for itself. Mr. Eakin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 of the Complaint, and those allegations are, therefore, denied.

8. Mr. Eakin craves reference to the original Indemnity referenced in Paragraph 8 of the Complaint and asserts that document speaks for itself. Mr. Eakin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 of the Complaint, and those allegations are, therefore, denied.

9.      Mr. Eakin craves reference to the original Indemnity referenced in Paragraph 9 of the Complaint and asserts that document speaks for itself.  Mr. Eakin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 of the Complaint, and those allegations are, therefore, denied.

10.     Mr. Eakin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, and those allegations are, therefore, denied.

11.     Mr. Eakin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, and those allegations are, therefore, denied.

12.     Mr. Eakin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, and those allegations are, therefore, denied.

13.     Mr. Eakin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, and those allegations are, therefore, denied.

14.     Mr. Eakin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, and those allegations are, therefore, denied.

15.     Mr. Eakin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, and those allegations are, therefore, denied.

16. Mr. Eakin craves reference to the original Demand Letter referenced in Paragraph 16 of the Complaint and asserts that document speaks for itself. Mr. Eakin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16 of the Complaint, and those allegations are, therefore, denied.

17. Mr. Eakin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint, and those allegations are, therefore, denied.

18. Mr. Eakin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint, and those allegations are, therefore, denied.

19. Mr. Eakin lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint, and those allegations are, therefore, denied.

## FOR A SECOND DEFENSE

20. The foregoing allegations contained in the Amended Answer and Crossclaims of Defendant Samuel F. Eakin are incorporated by reference herein as fully as if restated verbatim.

21. Mr. Eakin is informed and believes that Plaintiff's Complaint fails to set forth sufficient facts to state a claim against him and should, therefore, be dismissed.

## FOR A THIRD DEFENSE AND BY WAY OF CROSS CLAIM AGAINST THIRD PARTY DEFENDANT THE PALMETTO BANK

22. The foregoing allegations and responses contained in the Amended Answer and Crossclaims of Defendant Samuel F. Eakin are incorporated by reference herein as if restated verbatim.

23. Palmetto Bank, upon information and belief, is a corporation organized under the laws of the State of South Carolina and doing business in the State of South Carolina.

24. Mr. Eakin and several business entities with which Mr. Eakin has been involved (collectively the "Sanders Entities") have been customers of Palmetto Bank for many years.

25. The Palmetto Bank holds several notes and loans that are currently the subject of the following litigation pending in the County of Cherokee, State of South Carolina as Civil Action Number 2010-CP-11-0457: *The Palmetto Bank v. SBI properties II, LLC; Sanders Brothers, Inc.; Sanders Brothers Holdings, Inc; ProServ Sanders, Inc.; EP Sanders, LLC; Alabama Southeast Mechanical d/b/a ASM Sanders, Inc.; Samuel F. Eakin; Total Mechanical Services, Inc.; Sanders Brothers Maintenance Services, Inc.; Sanders Brothers Fabrication, Inc.; Sanders Brothers Sumter, Inc.; Sanders Brothers Construction, Inc.; and Aerofund Financial, LLC*.

26. The recent economic recession has negatively impacted the Sanders Entities and Palmetto Bank.

27. Because of the longtime relationship between Palmetto Bank and the Sanders Entities and because of Palmetto Bank's awareness of the current downturn in the financial situation of the Sanders Entities, the Palmetto Bank and the Sanders Entities entered a Forbearance Agreement for the notes and loans held by Palmetto Bank, a true and accurate copy of which is attached to the Amended Complaint in Civil Action No.: 2010-CP-11-0457 as Exhibit E.

28. Under the terms of the Forbearance Agreement, Palmetto Bank agreed not to foreclose upon certain of the Sanders Entities' loans for a limited amount of time.

29. Under the terms of the Forbearance Agreement, Palmetto Bank, upon information and belief, understood that the receivables of the Sanders Entities would be factored through AeroFund, Inc. so that Palmetto Bank would receive payment on the notes and loans it held in addition to allowing the Sanders Entities to receive enough income to remain in business.

30. Under Section 7. Affirmative Covenants. (b) of the Forbearance Agreement, Palmetto Bank acknowledged its understanding that the Sanders Entities were trying to sell some of their assets and divisions.

31. Palmetto Bank, upon information and belief, was aware of efforts, in addition to those described in the Forbearance Agreement, by the Sanders Entities to sell their assets and divisions in order to pay the outstanding sums allegedly owed to Palmetto Bank.

32. Palmetto Bank, upon information and belief, was specifically aware of the Sanders Entities attempt to sell their businesses and entities to Austin Industries.

33. Palmetto Bank, upon information and belief, contacted AeroFund and instructed AeroFund to capture funds beyond the scope of the factoring agreement.

34. Upon information and belief, Palmetto Bank acted in bad faith by contacting AeroFund and instructing AeroFund to capture funds beyond the scope of the factoring agreement.

35. Upon information and belief, Palmetto Bank's instructions to AeroFund deprived the Sanders Entities of funds to which the Sanders Entities were entitled.

36. Upon information and belief, Palmetto Bank's actions in having AeroFund direct a disproportionate amount of the factored funds to Palmetto Bank instead of the Sanders Entities resulted in loss of any potential contracts the Sanders Entities had to sell its businesses and assets at a more advantageous price.

37. Upon information and belief, Palmetto Bank's actions in having AeroFund direct a disproportionate amount of the factored funds to Palmetto Bank instead of the Sanders Entities resulted in the Sanders Entities inability to pay certain of its expenses and employees and the closing of several entities that would otherwise have remained operational.

38. Upon information and belief, Palmetto Bank's actions in contacting AeroFund to redirect some of the factored funds ultimately resulted in termination of the contract between Aerofund and the Sanders Entities.

39. Upon information and belief, Palmetto Bank's actions deprived the Sanders Entities of the opportunity to fully repay any debt allegedly owed to Palmetto Bank and/or Westchester.

40. Upon information and belief, Palmetto Bank's actions resulted in the appointment of a receiver for the Sanders Entities.

41. Upon information and belief, the receiver, as the agent of Palmetto Bank, has unlawfully blocked access to properties that are not collateral to the notes and loans held by Palmetto Bank.

42. The Sanders Entities have suffered damages as a result of the actions of Palmetto Bank.

**FOR A SIXTH DEFENSE AND BY WAY OF CROSSCLAIM
AGAINST THIRD PARTY DEFENDANT THE PALMETTO BANK**

43. The foregoing allegations and responses contained in the Amended Answer and Crossclaims of Defendant Samuel F. Eakin are incorporated by reference herein as if restated verbatim.

44. The Sanders Entities had a contract with AeroFund for the factoring of certain of the Sanders Entities' receivables.

45. The contract with AeroFund allowed for revenues from certain accounts receivable to be paid to Palmetto Bank and revenues from certain accounts receivable to be paid to the Sanders Entities.

46. Palmetto Bank was, upon information and belief, aware of the factoring agreement between the Sanders Entities and AeroFund.

47. Palmetto Bank, upon information and belief, intentionally contacted AeroFund and instructed AeroFund to direct funds to Palmetto Bank in excess of those sums contemplated under the terms of the agreement between the Sanders Entities and AeroFund.

48. Upon information and belief, Palmetto Bank's communications with AeroFund resulted in breach of the contract between AeroFund and the Sanders Entities.

49. Palmetto Bank, upon information and belief, had no justification for instructing AeroFund to direct funds to Palmetto Bank outside those funds contemplated under the factoring agreement between AeroFund and the Sanders Entities.

50. The Sanders Entities suffered damages as a result of Palmetto Bank's actions, including but not limited to the following: inability to pay certain expenses, inability to make payroll to certain employees, closure of certain entities, loss of the ability to sell certain entities, and loss of the ability to fully repay any debt allegedly owed to Palmetto Bank and/or Westchester.

### FOR A SEVENTH DEFENSE AND BY WAY OF CROSSCLAIM AGAINST THIRD PARTY DEFENDANT THE PALMETTO BANK

51. The foregoing allegations and responses contained in the Amended Answer and Crossclaims of Defendant Samuel F. Eakin are incorporated by reference herein as if restated verbatim.

52. Upon information and belief, Palmetto Bank intentionally interfered with the prospective contract between the Sanders Entities and Austin Industries.

53. Upon information and belief, Palmetto Bank intentionally interfered with the prospective contract identified in Section 7.(b) of the Forbearance Agreement.

54. Upon information and belief, Palmetto Bank interfered by improperly instructing AeroFund to direct excess funds to Palmetto Bank instead of the Sanders Entities thereby depriving the Sanders Entities of the cash flow needed to remain operational for sale to Austin Industries.

55. The Sanders Entities suffered damages as a result of the actions of Palmetto Bank including but not limited to the loss of ability to sell the assets and businesses of the Sanders Entities and loss of the ability to fully repay the debt allegedly owed to Palmetto Bank and/or Westchester.

## FOR AN EIGHTH DEFENSE AND BY WAY OF CROSS CLAIM AGAINST THIRD PARTY DEFENDANT THE PALMETTO BANK

56. The foregoing allegations and responses contained in the Amended Answer and Crossclaims of Defendant Samuel F. Eakin are incorporated by reference herein as if restated verbatim.

57. Upon information and belief, Palmetto Bank and the Sanders Entities created a contractual relationship with each other through entry of the Forbearance Agreement.

58. Upon information and belief, Palmetto Bank had a duty to act in good faith in dealing with the Sanders Entities.

59. Upon information and belief, Palmetto Bank breached its duty to act in good faith in dealing with the Sanders Entities.

60. Upon information and belief, Palmetto Bank failed to act in good faith by contacting AeroFund and instructing AeroFund to direct funds to Palmetto Bank in excess of those sums contemplated under the terms of the agreement between the Sanders Entities and AeroFund.

61. The Sanders Entities suffered damages as a result of Palmetto Bank's actions, including but not limited to the following: inability to pay certain expenses, inability to make payroll to certain employees, closure of certain entities, loss of the ability to sell certain entities, and loss of the ability to fully repay any debt allegedly owed to Palmetto Bank and/or Westchester.

### FOR A NINTH DEFENSE AND BY WAY OF CROSS CLAIM
### AGAINST THIRD PARTY DEFENDANT THE PALMETTO BANK

62. The foregoing allegations and responses contained in the Amended Answer and Cross claims of Defendant Samuel F. Eakin are incorporated by reference herein as if restated verbatim.

63. Upon information and belief, Westchester seeks payment from Mr. Eakin for sums owed on a construction bond issued by Westchester to Sanders Brothers, Inc.

64. Upon information and belief, Sanders Brothers, Inc. could have paid any alleged outstanding payments on the bond had Palmetto Bank not acted in bad faith as alleged in Paragraphs 22 through 63 above.

65. Upon information and belief, Westchester would not have filed suit against Mr. Eakin had Palmetto Bank not acted in bad faith as alleged in Paragraphs 22 through 63 above.

66. To the extent this Court may find Mr. Eakin responsible for any sums allegedly owed to Westchester, Mr. Eakin seeks indemnification of those sums from Palmetto Bank.

WHEREFORE, Mr. Eakin requests that Plaintiff's Complaint, and all claims alleged therein, be dismissed with prejudice, and that Mr. Eakin be awarded damages as alleged in his cross claims against Third Party Defendant Palmetto Bank and granted any other relief which this Court deems just and proper.

                                            HARRISON, WHITE, SMITH, & COGGINS, P.C.

                                            s/Griffin Littlejohn Lynch
                                            Donald C. Coggins, Jr. (Fed. ID No.: 198)
                                            Griffin Littlejohn Lynch (Fed. ID No.: 9580)
                                            178 West Main Street
                                            Post Office Box 3547 (29304)
                                            Spartanburg, South Carolina 29306
                                            (864) 585-5100
                                            dcoggins@spartanlaw.com
                                            glynch@spartanlaw.com

July 25, 2011

Spartanburg, South Carolina