IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Westchester Fire Insurance Company, | ) | |
| | ) | C.A. No. 7:11-672-HMH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Samuel F. Eakin, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant Samuel F. Eakin's ("Eakin") motion for joinder to join The Palmetto Bank ("Palmetto") as a third-party defendant pursuant to Rule 14 of the Federal Rules of Civil Procedure.[1]  For the reasons explained below, the court denies Eakin's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On August 1, 2006, Westchester Fire Insurance Company ("Westchester") executed, as surety, a subcontract performance bond, naming Kellogg Brown & Root, Inc. ("Kellogg") as obligee and Sanders Brothers, Inc. ("Sanders") as principal, "in the penal sum of $1,186,877.10 for Sanders' performance of a subcontract" with Kellogg.  (Compl. ¶ 5.)  Eakin, an officer of Sanders, executed an Agreement of Indemnity, in which he agreed to "exonerate, indemnify, and keep indemnified [Westchester] from and against any and all liability for losses and/or expenses

---

[1] Eakin moved to join Palmetto under Federal Rule of Civil Procedure 20.  The substance of his motion and the allegations in his amended answer make clear that he requests to bring in Palmetto as a third-party defendant, which is governed by Rule 14 of the Federal Rules of Civil Procedure.  The court, therefore, construes Eakin's motion under the strictures of Rule 14.

1

of whatsoever kind or nature . . . and from and against any and all such losses and/or expenses which [Westchester] may sustain and incur" by reason of executing the subcontract performance bond. (Id. Ex. B (Indemnification Agreement at 1).) In May 2009, Kellogg claimed that Sanders breached its subcontract by performing defective work. An arbitrator subsequently awarded Kellogg $985,942.37, plus interest at five percent, and the United States District Court for the Southern District of Texas confirmed the award and entered judgment against Sanders on July 30, 2010. (Id. ¶¶ 11-12.) Westchester paid Kellogg $1,082,053.30 to satisfy Kellogg's claim. (Id. ¶ 17.) Westchester demanded that Eakin tender collateral in the amount paid to Kellogg pursuant to the terms of the indemnification agreement. (Id. ¶ 16.) Eakin failed to make any payment to Westchester, and in March 2011, Westchester commenced this civil action to recover the amount owed under the indemnification agreement.

On July 25, 2011, Eakin filed an amended answer and third-party complaint as well as a motion to add Palmetto as a third-party defendant. Eakin alleges that Palmetto and Sanders maintained a "longtime relationship" and that Palmetto was aware "of the current downturn in the financial situation" of Sanders. (Am. Ans. ¶ 27.) Eakin claims that Palmetto acted in bad faith with respect to "certain notes and loans to various business entities with which Mr. Eakin was involved, including Sanders" and that had Palmetto not acted in bad faith, "Defendant Samuel F. Eakin, Sanders Brothers, Inc. would have been solvent, and Westchester . . . would not be seeking to collect from Mr. Eakin." (Def. Mot. Join 2.)

## II. DISCUSSION OF THE LAW

Rule 14 of the Federal Rules of Civil Procedure authorizes a defendant in a civil action to "serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). If the third-party complaint is filed more than fourteen days after the original answer was filed, the third-party plaintiff must obtain the court's leave. Id. A defendant may assert a third-party claim under Rule 14

> only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defending party. The secondary or derivative liability notion is central . . . .
>
> If the claim is separate or independent from the main action, impleader will be denied. The claim against the third-party defendant must be based upon plaintiff's claim against defendant. The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against defendant by the original plaintiff.

6 Charles Alan Wright et al., Federal Practice and Procedure § 1446 (3d ed. 2010). Rule 14 "is to be liberally construed in order to achieve its purpose of accomplishing in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits. Deutsche Bank Nat'l Trust Co. v. Tyner, 233 F.R.D. 460, 462 (D.S.C. 2006) (internal quotation marks omitted).

Eakin maintains that but for Palmetto's acts of bad faith, he and Sanders would be solvent and able to indemnify Westchester. (Def. Mot. Join 2.) His claims against Palmetto, however, are not dependent on the outcome of Westchester's indemnification claim, and he has failed to show how Palmetto could be secondarily liable to Westchester. The claims of bad faith asserted in Eakin's third-party complaint are unrelated to Westchester's claim against Eakin. Based on the foregoing, Eakin's motion to bring in Palmetto as a third-party defendant is denied.

It is therefore

**ORDERED** that Eakin's motion, docket number 24, is denied.

**IT IS SO ORDERED.**

                                          s/Henry M. Herlong, Jr.
                                          Senior United States District Judge

Greenville, South Carolina
August 31, 2011