| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | |
| ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHEROKEE ) | |

| | |
|---|---|
| The Palmetto Bank, ) | Civil Action No. 2010-CP-11-0457 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER APPOINTING A** |
| SBI Properties II, Inc.; Sanders Brothers ) | **RECEIVER** |
| Inc.; Sanders Brothers Holdings, Inc.; ) | |
| ProServ Sanders, Inc.; EP Sanders, Inc.; ) | |
| Alabama Southeast Mechanical d/b/a ASM ) | |
| Sanders, Inc.; Samuel F. Eakin; Total ) | |
| Mechanical Services, Inc., Sanders ) | |
| Brothers Maintenance Services, Inc., ) | |
| Sanders Brothers Fabrication, Inc., ) | |
| Sanders Brothers Sumter, Inc., Sanders ) | |
| Brothers Construction, Inc., and ) | |
| AeroFund Financial, Inc., ) | |
| ) | |
| Defendants. ) | |

This matter came before the Court on the Plaintiff's Motion For the Appointment of a Receiver and Verified Complaint, making application for the appointment of a Receiver for the Property as identified in the Complaint. This Court has the authority to appoint a Receiver of the Property pursuant to Section 15-65-10 of Code of Laws of South Carolina (1976) et seq. The Property as identified in the Complaint are assets of SBI Properties II, Inc.; Sanders Brothers Inc.; Sanders Brothers Holdings, Inc.; ProServ Sanders, Inc.; EP Sanders, Inc.; Alabama Southeast Mechanical d/b/a ASM Sanders, Inc.; Samuel F. Eakin, Total Mechanical Services, Inc., Sanders Brothers Maintenance Services, Inc., Sanders Brothers Fabrication, Inc., Sanders Brothers Sumter, Inc., and Sanders Brothers Construction, Inc. (collectively "Obligated Parties")

A TRUE COPY
Brandy W. McBee
CLERK OF COURT
CHEROKEE COUNTY, S.C.



Exhibit 1

IT IS THEREFORE ORDERED:

1. <u>Receivership</u>. The Property of SBI Properties II, Inc.; Sanders Brothers Inc.; Sanders Brothers Holdings, Inc.; ProServ Sanders, Inc.; EP Sanders, Inc.; Alabama Southeast Mechanical d/b/a ASM Sanders, Inc.; Samuel F. Eakin, Total Mechanical Services, Inc.; Sanders Brothers Fabrication, Inc.; Sanders Brothers Maintenance, Inc.; Sanders Brothers Sumter, Inc. and Sanders Brothers Construction, Inc. as identified in the Complaint is placed in receivership.

2. <u>Receiver</u>. Cardinal Point Partners, Inc. (Attn: Lawrence T. Englert) 2331 Winterbrooke Drive, Matthews, North Carolina 28105 (704-576-6143) is hereby appointed Receiver over the Property. All communication to the Receiver shall be directed to the Receiver at the above address. The Receiver will file with the Court within seven (7) days of the date of this Order a bond for Twenty Five Thousand and No/100 ($25,000.00) Dollars.

3. <u>Restrained</u>. Defendants (their agents, representatives and employees) are restrained from disposing of, transferring, conveying, or otherwise encumbering the Property or books, files, records and accounts relating to the Property, and they and all other parties having Property in their possession or under their control are hereby directed to deliver the same to the said Receiver.

4. <u>Cooperation</u>. Defendants, their agents, representatives and employees, are ordered to cooperate with the Receiver and appear at 1709 Old Georgia Highway, Gaffney, South Carolina, at such times as may be required to sign such legal documents as may be necessary and to furnish such records as the Receiver may require. Failure of Defendants to cooperate with the Receiver or otherwise comply with terms of this order



Exhibit 1

shall make Defendants liable for contempt of court upon application by the Receiver or his attorneys. The parties are hereby ordered to cooperate with the Receiver at all times during the pendency of this receivership. In the event of any disagreement between the parties as to this paragraph, any party may contact the Court as to the issue and all parties will be given an opportunity to be heard on this matter.

5. <u>Income</u>. Defendants, their respective agents and employees, and any other person receiving actual notice of the terms of this Order are hereby ordered and directed to immediately collect and pay to the below named Receiver all of the income and profits (both current and prepaid) from the Property in any such person's possession as of the date of this Order, regardless of when collected, pending adjudication of the parties' rights thereto and subject to such other orders of this Court as may be subsequently entered. In addition, Obligated Parties shall execute any and all documents necessary to substitute the Receiver for the current signatories on all of the bank accounts relating to the Property of Obligated Parties.

6. <u>Inventory and Reports</u>. The Receiver shall prepare and deliver to Plaintiff's counsel within sixty (60) days from the date of this Order a full and detailed inventory, under oath, of all the Property which comes into its possession and thereafter it shall prepare and deliver to Plaintiffs counsel each thirty (30) days thereafter a full and complete report, reporting activities and changes in the Receivership estate. The Receiver shall deliver the original of each of its reports to Plaintiff's counsel, who, upon receipt, shall immediately serve copies on all parties/attorneys who have made an appearance in this matter.



Exhibit 1

7. <u>Possession of Property</u>. The Receiver shall take and have exclusive control, possession and custody of all the Property, monies, contracts, insurance policies, assets, files, papers, keys, accounts receivable, records, documents, licenses, permits, monies, securities, choses in action, books of account, bank accounts and all other property, real, personal, or mixed, which relate to the Property, and shall retain custody of the same until further order of this Court. All Defendants and other persons or corporations now or hereafter in possession of the Property, or any part thereof, or any other of the items entrusted to the Receiver as set forth herein, shall forthwith surrender such possession to the Receiver.

8. <u>Operating Account</u>. The Receiver shall establish and/or maintain, at a banking or savings and loan institution located in South Carolina whose deposits are insured by the FDIC or the FSLIC, a separate operating account ("the Operating Account") into which the Receiver shall deposit all receipts from the Property and from which the Receiver shall disburse regularly and punctually (to the extent available), all amounts due and payable as are reasonable, necessary and proper operating expenses of the Property, subject to the terms of this Order.

9. <u>Costs</u>. The Receiver is hereby authorized, empowered and directed to pay from the Operating Account all reasonable expenses necessary for the preservation of the Property, including, but not limited to, the costs of all labor, insurance, equipment, supplies, inventory, water, sewer, trash and garbage disposal, electricity, security and telephone expenses which are necessary to the operation and preservation of the Property, together with any expenditure authorized by Plaintiff.



Exhibit 1

10. <u>Operation</u>. The Receiver is hereby authorized, empowered and directed to contract with such individuals and entities as may be necessary to preserve, protect, supervise, operate and manage the Property. The Receiver shall use it's best efforts to operate the Property profitably, and to maintain the building, appurtenances and grounds of the Property in accordance with customary standards for a business of its type, including, without limitation, interior and exterior cleaning, painting and decoration, plumbing, carpentry, maintenance of air conditioners and elevators, and such other normal maintenance and repair work as may be appropriate, subject to the requirements and limits set forth herein.

11. <u>Collection and Debts</u>. The Receiver is hereby authorized, empowered and directed to enforce and collect all debts, accounts receivable, rents or other obligations due and owing to or from the operation of the Property.

12. <u>Insurance</u>. The Receiver is hereby authorized, empowered and directed to maintain all policies of insurance or similar contracts affecting the Property in full force and effect, and if none exists, to insure the Property for its current fair market value against personal injury, property damage and liability claims. The Receiver shall maintain or purchase appropriate property insurance for the Property, public liability insurance, workmen's compensation insurance, fire and extended coverage insurance, and burglary and theft insurance. The Plaintiff shall be listed as an insured and a loss payee on all such insurance policies. The Receiver shall promptly investigate and provide Plaintiff a full, prompt written report as to all serious and material accidents, claims for damage relating to the ownership, operation and maintenance of the Property, and any damage or destruction to the Property and the estimated cost of repair thereof,



Exhibit 1

and shall prepare any and all reports required by any insurance company in connection therewith. All existing insurance coverage purchased by the Borrowers or by any other person, which is now in force for the protection of the Property, is hereby assigned to the Receiver.

13. <u>Actions Against Receiver</u>. All persons, funds, corporations, associations and all other parties are hereby enjoined and restrained from commencing, maintaining, or otherwise prosecuting any action at law or in equity against the Receiver without prior leave of this Court.

14. <u>Default</u>. Entry of this Order shall not constitute a breach or default of any contract relating to the Property unless the Receiver expressly cancels such contract.

15. <u>Employment of Professionals</u>. The Receiver may employ attorneys, accountants, or other professionals if reasonably required to discharge its duties herein and shall, if necessary, apply to this Court for instructions and advice if in doubt concerning its rights and responsibilities as Receiver.

16. <u>Leasing</u>. The Receiver shall have the authority to lease, rent or otherwise seek compensation for the Property in the ordinary course of business, at such rates and on such terms as are customary in the business, provided that Plaintiff approves each such rental or lease agreement.

17. <u>Listing/Conveyance of Property</u>. The Receiver is authorized to list the Real Property for sale and pursue the marketing of the Real Property; however, the Receiver may not convey, transfer, sell, pledge or encumber the Real Property, or any portion thereof, without prior leave of this Court after notice to all parties and a hearing.



Exhibit 1

The Receiver may market, liquidate and sell the Personal Property in a commercially reasonable manner.

18. <u>Other Tasks</u>. The Receiver is hereby authorized, empowered, and directed to perform all other tasks reasonably necessary for the proper administration, conservation, maintenance, security and protection of the Property.

19. <u>Fees</u>. At the end of each month, the Receiver shall present to Plaintiff and all parties who have appeared of record monthly financial reports which shall include all fees and expenses paid by the Receivership, including fees to the Receiver, which the Receiver shall pay in the ordinary course. In the event Plaintiff or Defendants objects to the payment of any invoice contained in any Receiver Report, they may seek an order as to such payment or non-payment. The compensation of the Receiver shall be at the discretion of the Court and shall be finally determined by the Court.

20. <u>Legal Actions</u>. The Receiver is hereby authorized, empowered and directed to apply to this Court for instructions and authorization should it seem to be necessary or desirable to sue or defend any legal action or otherwise compromise or settle same.

21. <u>Use and Maintenance of Property</u>. The Receiver shall not permit the use of the Property for any purpose which will or might void any required policy of insurance, which might render any loss thereunder uncollectible, or which would be in violation of any law or government restriction.

22. <u>Records</u>. The Receiver shall maintain a comprehensive system of office records, books, and accounts concerning the operation of the Property. At all reasonable times, Plaintiff, Defendants, and their respective agents and other representatives shall



Exhibit 1

have reasonable access to such records, accounts and books and to all vouchers, files, and all other material pertaining to the operation of the Property, all of which the Receiver agrees to keep safe, available and separate from any records not having to do with the operation of the Property.

23. <u>Legal Requirements</u>. The Receiver shall ensure that all aspects of the Property, and its operation and management, comply with any and all laws, regulations, orders or requirements affecting the Property issued by any federal, state, county or municipal authority having jurisdiction thereover.

24. <u>Employment of Agents</u>. The Receiver is hereby authorized to employ agents, servants and employees and to contract as necessary for the purpose of renting, operating, managing, preserving, protecting, and taking possession of the Property, and carrying out the terms of this Order. The Receiver shall collect the rents, revenues, and profits from the Property, including those now due and unpaid, and hereafter to become due.

25. <u>Licenses</u>. All existing licenses relating to the operation of the Property, including but not limited any alcohol and beverage license(s), issued in the name of the Borrowers are hereby assigned to the Receiver.

26. <u>Termination of Receivership</u>. Plaintiff, any other party to the action or the successful bidder at any foreclosure or other sale of the Property, may apply to the Court upon the issuance of an Order of Sale, for entry of an order terminating the Receivership, discharging the Receiver, and putting the successful bidder at sale into possession of the Property, effective upon issuance of a deed to the Property.



Exhibit 1

27. <u>Retention of Jurisdiction</u>. The Court retains jurisdiction of this matter to enter such further orders as may be just and proper.

28. <u>Sheriff's Assistance</u>. The Receiver is authorized and empowered to obtain the assistance of the Sheriff's Department of the counties of this State in performing those duties and responsibilities enumerated herein.

AND IT IS SO ORDERED.

_____

Judge, Seventh Judicial Circuit

_____, South Carolina

June 21, 2010.

WE SO MOVE:

NELSON MULLINS RILEY & SCARBOROUGH, LLP

By: _____
John T. Moore
Dowse B. Rustin IV
Attorneys for The Palmetto Bank

Consent next page.

WE CONSENT:

HARRISON, WHITE, SMITH & COGGINS, PC

By: _____
Donald C. Coggins, Jr.
Attorneys for SBI Properties II, Inc.; Sanders Brothers Inc.; Sanders Brothers Holdings, Inc.; ProServ Sanders, Inc.; EP Sanders, Inc.; Alabama Southeast Mechanical d/b/a ASM Sanders, Inc.; Samuel F. Eakin; Total Mechanical Services, Inc., Sanders Brothers Maintenance Services, Inc., Sanders Brothers Fabrication, Inc., Sanders Brothers Sumter, Inc., Sanders Brothers Construction, Inc.

~#4823-3792-0261 v.1~